RICHARD M. J. GRANT & others *vs.* CHARLES W. CLAPP & another.

A creditor named Edwin G. recovered judgment and arrested the debtor on execution, under the name of Edward G. Upon the debtor's application to take the poor debtor's oath, the magistrate issued a notice to the creditor by the name of Edward G., which was duly served on him. The creditor's attorney then, by falsely representing "that he did not appear for any Edwin G.," induced the magistrate to issue a second notice under a belief that the first had been erroneously served. Upon this notice the magistrate administered the oath to the debtor and discharged him from the arrest. *Held*, that the creditor was estopped to contest the discharge on the ground that the first notice was sufficient.

CONTRACT by Richard M. J. Grant, Samuel B. Logan and Edward Grant, copartners under the firm of Grant, Logan & Company, on a recognizance taken under the Gen. Sts. *c.* 124, § 10, upon the application of the defendant Clapp to take the oath for the relief of poor debtors, on his arrest upon an execution in favor of the plaintiffs.

At the trial in the superior court, before *Reed,* J., without a jury, these facts were found : In the original writ against Clapp, and in the execution upon which Clapp was arrested, as in the present action, the true name of the plaintiff, styled Edward Grant, is Edwin Grant. The magistrate, to whom Clapp's application to take the poor debtor's oath was made, issued a notice under the Gen. Sts. *c.* 124, § 12, of the time and place for the examination, to the plaintiffs as they were styled in the execution, describing Edwin Grant as Edward Grant. The officer served the notice on Edwin, supposing his name to be Edward, and made return of a service upon Edward. Immediately upon being served with the notice, Edwin went to his attorney, one P. H. Hutchinson, and gave him the copy with which he was served, and informed him of the error in the name. On the day fixed for the examination, Hutchinson attended at the place before the designated hour, having the notice in his possession; and the magistrate told him " that he, the magistrate, had learned that, although the officer's return showed a service upon Edward Grant, in fact the service had been upon one Edwin Grant, and was insufficient, he not being the right man." Hutchinson thereupon informed the magistrate " that he did not appear for any Edwin Grant." The magistrate replied that he should issue a new notice. And Hutchinson said " that he should take advantage of all informalities," and went away. The magistrate then issued a second notice, and at the time and place therein specified administered the poor debtor's oath to Clapp, and discharged him from the arrest.

" The only question contested by the parties was, whether the notice on which the debtor was discharged issued legally ; the same being a second notice, issued on the same day with the first notice, and on the alleged ground that the service of the first no-

tice was insufficient. If the service of the first notice was insufficient, or if the plaintiffs were estopped to deny its sufficiency, then it was agreed that this action could not be maintained." Upon this question the judge ruled that the plaintiffs were estopped to deny the sufficiency of the first notice, and found for the defendants. The plaintiffs alleged exceptions.

*P. H. Hutchinson*, for the plaintiffs.

*L. R. Batchelder*, for the defendants.

CHAPMAN, C. J. The first error in these proceedings was made by the plaintiffs' attorney. One of these plaintiffs was named Edwin Grant, and was called Edward both in the writ and the execution. This led the magistrate to issue the notice for taking the poor debtor's oath to "Edward Grant," and the officer returned that he had served it upon Edward. He had in fact served it upon Edwin. When the plaintiffs' attorney was informed of the facts, he went to the magistrate and misled him still further by telling him that he did not appear for any Edwin Grant. This was disingenuous, to say the least; for he knew that his client's true name was Edwin. It would not be consistent with fair dealing to allow the plaintiffs to contend that the new notice issued by the magistrate was void on the ground that the first notice was correct, after the agency which their attorney had exercised in leading him to believe that the service was erroneous. *Exceptions overruled.*