ALONZO V. LYNDE & another *vs.* JONAS M. RICHARDSON & another.

Middlesex.    Jan. 8. — June 28, 1878.    AMES & LORD, JJ., absent.

In an action on a recognizance, under the Gen. Sts. c. 124, § 10, it appeared that the notice, which was duly served upon the creditor, appointed a certain room in a building as the place for the examination of the debtor; that, at the time specified in the notice, the creditor went to the building, and found, in a room in the same building other than that specified in the notice, the magistrate, the debtor, his attorney and the officer who made the arrest; that the magistrate administered the oath and granted a discharge to the debtor in this room. There was evidence that, after the preliminary oath had been administered to the debtor, the magistrate asked the creditor if he appeared, to which he replied that he had not made up his mind, that he was thinking about it; that he then said, "I appear to disappear," and went out; and that this was either just before the hour expired, or just after. There was no examination of the debtor. *Held*, that, upon this evidence, the jury would be warranted in finding a waiver, by the creditor, of the right to have the examination in the room mentioned in the notice.

CONTRACT upon a recognizance entered into, under the Gen. Sts. *c.* 124, § 10, on April 30, 1875, by the defendant Richardson as principal, and the other defendant as surety, and conditioned that Richardson, who had been arrested on an execution in favor of the plaintiffs, should, within thirty days from the time of his arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

At the trial in the Superior Court, before *Pitman*, J., it appeared that the following notice, signed by a magistrate and dated May 25, 1875, was duly served upon the creditors:

"Commonwealth of Massachusetts.    Middlesex ss.    To Alonzo V. Lynde of Melrose in the county of Middlesex and Wm. P. Harding of Chelsea in the county of Suffolk copartners, creditors: Jonas M. Richardson of Malden in said county, debtor, arrested on execution in your favor, desires to take the oath for the relief of poor debtors, and the twenty-fifth day of May instant, at five of the clock afternoon and the court room of the

First District Court of Eastern Middlesex in Malden in said county are appointed the time and place for the examination of said debtor."

At the hour specified in the notice the plaintiff Lynde went to the building, in Malden, in one of the rooms of which the First District Court of Eastern Middlesex held its sessions, and found the magistrate, the debtor, his attorney and the officer who made the arrest, in a room used by the clerk and deputy sheriff and in which the clerk kept his records. On the door was the name of the deputy sheriff. The clerk's office and the court room are opposite each other, but separated by an entry and staircase, the entrance to the clerk's room being three steps lower down than the entrance to the court room. The room in which the debtor was is not called, known or used as the court room of the First District Court of Eastern Middlesex.

The preliminary oath was administered by the magistrate to the debtor, and the discharge of the debtor was granted by the magistrate in the office. No examination was had, by any one, of the debtor; and neither the magistrate nor the debtor was at any time in the court room during the hour fixed for the examination.

The officer making the arrest testified that, at the time appointed, Mr. Lynde asked for the citation; that the magistrate said it was at his house, went for it, and returned with it within the hour, and the preliminary oath was then administered to the debtor; that the magistrate then asked Mr. Lynde if he appeared, to which he replied that he had not made up his mind, that he was thinking about it; that he then said, "I appear to disappear," and went out; and that the witness should say he left one minute before the hour expired.

The debtor testified that, after the preliminary oath had been administered to him, Mr. Lynde held his watch in his hand; that the witness did not look at it nor at the clock, but thought it was after the hour when Lynde said that he did not appear.

The judge ruled that the office was not the court room of the First District Court of Eastern Middlesex, and submitted the question to the jury whether there was such an appearance by Lynde in the office as to amount to a waiver, and instructed them that if they found that he appeared in the office, then the

verdict should be for the defendants, but if they found that he did not appear, then the verdict should be for the plaintiffs. The judge also gave instructions, which were not excepted to, as to what constituted an appearance; but the plaintiffs contended before the charge, that there was no evidence to go to the jury upon the question. The jury returned a verdict for the defendants; and the plaintiffs alleged exceptions.

*A. V. Lynde & W. P. Harding, pro se.*

*G. S. Scammon,* for the defendants.

SOULE, J. The ruling, that the room, in which the oath was administered, was not the place appointed for examination of the debtor, was in favor of the plaintiffs and was not excepted to. The question of its correctness, therefore, is not raised for our consideration. But, assuming the ruling to have been right, it was competent for the defendants to show that the proceedings were had in the office of the clerk by consent of the plaintiffs, either express or implied. The purpose of naming the place of examination in the notice is to inform the creditor where he is to go, in order that he may have an opportunity to put such questions as he chooses to the debtor. The plaintiffs had that opportunity; and if, when the parties and the magistrate met in the clerk's office, near the court room and in the same building, and the magistrate administered the preliminary oath, by taking which the debtor offered himself for examination, Mr. Lynde remained during, and till the expiration of, the hour from the time fixed for the examination, without indicating any objection to the proceedings which he saw in progress, a jury would be warranted in finding that he consented to the change of place, and waived the right to have the examination in the court room. If, on the other hand, he intended to take advantage of the fact that the oath was not administered in the place appointed, and sat by without objecting, and with the purpose of having the magistrate and the debtor believe that he waived his rights in this particular, and left just before the hour expired, and too late for the parties to proceed in the court room, this would be a waiver, and he would be estopped, by his conduct, to contend that the oath was not properly administered. It would be unjust to allow him to benefit by actions so disingenuous. *Grant v. Clapp,* 106 Mass. 453.

The evidence, as stated in the bill of exceptions, would warrant the jury in finding a waiver on either of these grounds, and as it was submitted to them, under instructions not objected to, we see no reason for disturbing the verdict.

*Exceptions overruled.*