JAMES FULLER *vs.* JOHN DAVIS, and another.

Piscataquis. Opinion June 1, 1882.

*Poor debtor's disclosure. Citation. Disinterested justice.*

All defects of form in the citation of a debtor will be held as waived, when the creditor or his attorney appears at the time and place therein specified, selects a justice, submits to the jurisdiction without objection thereto and examines the debtor.

When it appears by the bond in suit and by the officer's return on the execution which is made part of the case by the plaintiff, that the arrest was made in the county in which the disclosure was had, the fact of jurisdiction is established.

The fact that one of the justices hearing the disclosure was a creditor of the debtor, does not disqualify him from acting in the premises.

ON REPORT.

Debt on poor debtor's bond.

The opinion states the material facts.

*J. B. Peaks,* for the plaintiff.

The record of the justices is not conclusive as to their jurisdiction, and want of jurisdiction may be shown by parol. *Spaulding* v. *Record,* 65 Maine, 220 ; *Foss* v. *Edwards,* 47 Maine, 145 ; 23 Maine, 144 ; *Hackett* v. *Lane,* 61 Maine, 31 ; *Poor* v. *Knight,* 66 Maine, 482.

The facts which determine their jurisdiction must appear of record. *Inman* v. *Whiting,* 70 Maine, 445, and cases cited. R. S., c. 113, § 46, provides that "a debtor who has been twice

refused a discharge shall not again disclose before such justice; but may before a judge of the Supreme Judicial Court," &c.

Now to give magistrates jurisdiction, the application and citation must state that the debtor has not been twice refused a discharge. This fact should appear of record. *Gurney* v. *Tufts*, 37 Maine, 130; *Vinton* v. *Weaver*, 41 Maine, 430.

The jurisdiction of magistrates cannot be conferred by the parties. *Call* v. *Mitchell*, 39 Maine, 465. Much less can it be waived. *Stanton* v. *Hatch*, 52 Maine, 244; *Brown* v. *Allen*, 54 Maine, 436; *Inman* v. *Whiting*, 70 Maine, 445. One of the magistrates was not disinterested. He was a creditor of the debtor who was disclosing before him.

*D. D. Stewart*, for the defendants, cited: *Lovering* v. *Lamson*, 50 Maine, 334; *Bachelder* v. *Sanborn*, 34 Maine, 230; *Dunham* v. *Felt*, 65 Maine, 218; *Bliss* v. *Day*, 68 Maine, 201; *Ayer* v. *Fowler*, 30 Maine, 347; *Granite Bank* v. *Treat*, 18 Maine, 340; *Kimball* v. *Irish*, 26 Maine, 444; *Clement* v. *Wyman*, 31 Maine, 52; *Lewis* v. *Brown*, 51 Maine, 109; *Baldwin* v. *Merrill*, 44 Maine, 55; *Neal* v. *Paine*, 35 Maine, 160; *Hooper* v. *Goodwin*, 48 Maine, 79; *Page* v. *Plummer*, 10 Maine, 334; *Smith* v. *Brewer*, 61 Maine, 70; *Cummings* v. *York*, 54 Maine, 386; *Goodwin* v. *Cloudman*, 43 Maine, 577; *Hussey* v. *Allen*, 59 Maine, 269.

APPLETON, C. J. This is an action of debt on a poor debtor's bond. In the condition of the bond is the recital that John Davis, Jr. "has been and is now arrested by William Paine, deputy sheriff for said county of Piscataquis by virtue of an execution issued against and on a judgment obtained against him, the said John Davis, Jr. by the said James Fuller." Then follows a description of the judgment.

The plaintiff next introduced the execution on which the arrest was made and to obtain release from which the bond was given.

By the officer's return thereon, it appeared that the arrest was made by and the bond given to a deputy sheriff of Piscataquis county and in that county.

The certificate of discharge by the justices before whom the disclosure was had, is in strict conformity with the provisions of R. S., c. 113, § 33.

It is objected that the citation is insufficient. But it contains all the essential facts required by R. S., c. 113, § 26, or by the statute of 1874, c. 198. But were the citation to be deemed defective, the creditor appeared by his attorney, who took no exception to its deficiency or validity either as to its form or its substance, submitted to the jurisdiction of the justices and examined the debtor for two days. By so doing he must be held to have waived all objections on account of any defects, if any there were, in the citation. *Page* v. *Plummer*, 10 Maine, 334; *Lord* v. *Skinner*, 9 Allen, 376; *Lynde* v. *Richardson*, 124 Mass. 557.

The certificate of the justices states that the debtor had caused the creditor to be notified according to law and is *prima facie* evidence of a legal service. *Granite Bank* v. *Treat*, 18 Maine, 340; *Bliss* v. *Day*, 68 Maine, 201. There is nothing to throw doubt upon the legality of the service and if there was, any illegality is waived by the appearance.

But it is claimed that the magistrates had no jurisdiction because it does not appear in what county the arrest was made. But such is not the fact. The very bond on which this suit is brought states that it was given to procure a release from arrest in the county, where the magistrates giving the certificate resided and had jurisdiction. The bond which is the basis of this case, proves the jurisdiction of the magistrates. If parol evidence is admissible to disprove jurisdiction, much more can its existence be established by the very proof on which the plaintiff rests his case. Both the bond in suit and the execution on which it was taken show the arrest in Piscataquis county and consequently jurisdiction in the magistrates of that county.

It was objected that Henry Hudson was interested and could not legally act as one of the justices to hear the disclosure of the debtor. But such was not the fact. That the debtor owed him did not disqualify him. Besides, the objection was not taken at the hearing, though known to the creditor.

*Judgment for the defendants.*

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.